UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAUMU JAMES,<br><br>                  Petitioner,<br><br>             v.<br><br>WARREN L. MONTGOMERY,<br>Warden,<br><br>                  Respondent. | Case No. 2:20-cv-05651-SVW (SP)<br><br>MEMORANDUM AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

## I.
## **INTRODUCTION**

On June 25, 2020, petitioner Taumu James filed a Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition"). Petitioner raises three grounds for relief, all based on the alleged ineffective assistance of his appellate counsel, to challenge his 2010 convictions in Los Angeles County Superior Court for home invasion robbery. Petitioner claims his counsel failed to raise certain arguments on appeal including: (1) a due process violation concerning impermissible inferences the jury drew from six-pack and in-court identifications; (2) a due process violation based on the trial court's failure to grant a new trial; and

(3) a due process violation based on prosecutorial misconduct.

On July 7, 2020, the Court issued an Order to Show Cause Why Petition Should not Be Dismissed as Time-Barred and as Second or Successive ("OSC"). Among other things, the Court explained the Antiterrorism and Effective Death Penalty Act's ("AEDPA") statute of limitations and why it appeared the Petition was untimely. Specifically, the Court noted that October 16, 2012 appeared to be the latest date on which AEDPA's one-year limitation period could have started running, which made the Petition untimely by more than six years. The Court also explained the prohibition on filing second or successive petitions subject to certain exceptions and permission from the Ninth Circuit. The Court noted the Petition did not appear to meet any of the exceptions and petitioner failed to indicate whether he obtained permission from the Ninth Circuit to file it. The Court ordered petitioner to respond to the OSC by July 28, 2020.

Petitioner filed a Response to Order to Show Cause on October 25, 2020. The Court granted him permission for this late filing.

After careful review and consideration, the Court finds the Petition is both impermissibly second or successive and time-barred. Consequently, the Petition will be dismissed with prejudice.

## II.
## BACKGROUND

On August 12, 2010, a jury convicted petitioner of six counts of home invasion robbery and found true the allegations that he personally used a firearm, acted in concert in committing the crimes, and the crimes involved a juvenile victim. *See* Pet. at 2; Mem. in Supp. of Pet. at 2, 5. The trial court sentenced petitioner to 71 years in prison. Mem. in Supp. of Pet. at 6.

On or about February 9, 2011, petitioner appealed the trial court's judgment.

1  *See* Pet. at 2-3; *People v. James*, No. B230771 (Cal. Ct. App.).[1] Several months
2  later on November 28, 2011, petitioner also filed a habeas petition in the California
3  Court of Appeal. *In re James*, No. B237448 (Cal. Ct. App.). The Court of Appeal
4  consolidated petitioner's direct appeal and habeas petition and, on April 23, 2012,
5  affirmed the trial court's judgment with modifications and denied his habeas
6  petition. *See id.*

7  On May 31, 2012, petitioner filed two petitions for review in the California
8  Supreme Court. *People v. James*, No. S203002; *In re James*, No. S203003 (Cal.).[2]
9  The court denied both petitions on July 18, 2012. *See id.*

10  Petitioner then filed a federal habeas petition in this Court on October 10,
11  2013 in case number 2:13-cv-07523-SVW (SP). Pet. at 7. The Court denied the
12  petition on its merits on November 22, 2016. *Id.* Petitioner appealed the Court's
13  decision, and the Ninth Circuit affirmed the decision on April 25, 2018. *Id.* at 8.
14  Petitioner filed a petition for writ of certiorari in the U.S. Supreme Court, which
15  was denied on January 22, 2019. *Id.* at 5.

16  Petitioner states that on September 10, 2019, he filed a habeas petition in the
17  Superior Court for Los Angeles County.[3] Pet. at 4. The court denied the petition

---

[1] On its own motion, the Court takes judicial notice of California Court of Appeal docket numbers B230771 and B237448. *See* Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (courts may take judicial notice of court filings and other matters of public record).

[2] On its own motion, the Court takes judicial notice of California Supreme Court docket numbers S203002 and S203003. *See* Fed. R. Evid. 201(b); *Reyn's Pasta Bella*, 442 F.3d at 746 n.6.

[3] The Court was unable to find a record of this petition in the docket for this case or using the Los Angeles County Superior Court's case search feature.

1  on October 4, 2019. *Id.* at 5. On January 21, 2020, petitioner filed another habeas
2  petition in the California Court of Appeal. Lodg. Doc. No. 9. The court denied the
3  petition on February 11, 2020. *Id.* Petitioner then filed a habeas petition in the
4  California Supreme Court, which was denied on May 27, 2020. Lodg. Doc. No.
5  10.
6        A month later, on June 25, 2020, petitioner filed the instant federal habeas
7  Petition.

## III.
## DISCUSSION

**A.**    **The Court Lacks Jurisdiction Over This Second or Successive Petition**

      Under 28 U.S.C. § 2244(b)(2), any claim raised in a second or successive petition but not presented in a prior petition must be dismissed unless:

    (A)    the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (B)(I)    the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

    (ii)    the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

If the petitioner meets either of the above exceptions, he must additionally obtain an order by a panel of the appropriate court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *see also Magwood v.*

*Patterson*, 561 U.S. 320, 331, 130 S. Ct. 2788, 177 L. Ed. 2d 592 (2010).

In its OSC, the Court noted that it dismissed with prejudice petitioner's prior federal habeas petition challenging the same judgment challenged in this case. *See James v. Soto*, No. 2:13-cv-07523-SVW (SP). The Court considered petitioner's claims – related to those petitioner raises here but different because he did not previously allege ineffective assistance of counsel – and found they did not merit habeas relief. Accordingly, the instant Petition is second or successive.

In response to the OSC, petitioner argues he could not have discovered the factual predicate for his claims previously. As discussed below with respect to when the statute of limitations began running, petitioner's contention that he could not have previously discovered the factual predicate for his claims is not supported by the record. But even if he could meet the exception under § 2244(b)(2)(B), petitioner still would require permission from the Ninth Circuit to file a second federal habeas petition. In his OSC response, petitioner states he asked the Ninth Circuit for leave to file a second or successive habeas petition. OSC Resp. at 2, 11. Petitioner asks the Court to delay any ruling on the OSC until the Ninth Circuit has ruled on his application for leave. *Id.* at 2.

AEDPA clearly states that petitioners must ask the Ninth Circuit for permission to file a second or successive petition *before* filing the petition in the district court. 28 U.S.C. § 2244(b)(3)(A). Here, petitioner impermissibly filed this Petition on June 25, 2020 and waited until October 26, 2020 to file his application for permission with the Ninth Circuit. *See James v. Montgomery*, No. 20-73168 (9th Cir.)[4]; *Miller v. Fisher*, 2016 WL 3982333, at *4 (C.D. Cal. July 1, 2016) ("[D]istrict courts have routinely denied stay requests from petitioners who

---

[4] On its own motion, the Court takes judicial notice of the two court records in petitioner's docket for his application to the Ninth Circuit. *See* Fed. R. Evid. 201(b); *Reyn's Pasta Bella*, 442 F.3d at 746 n.6.

5

belatedly seek leave from an appellate court to file a successive petition because the district court lacks jurisdiction even to entertain the stay request."). Moreover, the Ninth Circuit denied petitioner's application on December 11, 2020. *James*, No. 20-73168. Thus, petitioner lacked the requisite permission to bring this Petition when he filed it, and still lacks such permission.

For these reasons, the Court does not have jurisdiction to consider petitioner's second or successive Petition under 28 U.S.C. § 2244(b)(2).

**B.** **The Petition Is Also Untimely Under AEDPA's One-Year Statute of Limitations**

AEDPA mandates that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1); *see also Lawrence v. Florida*, 549 U.S. 327, 329, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007); *Laws v. Lamarque*, 351 F.3d 919, 921 (9th Cir. 2003). After the one-year limitation period expires, the prisoner's "ability to challenge the lawfulness of [his] incarceration is permanently foreclosed." *Lott v. Mueller*, 304 F.3d 918, 922 (9th Cir. 2002).

To assess whether a petition is timely filed under AEDPA, it is essential to determine when AEDPA's limitation period starts and ends. By statute, AEDPA's limitation period begins to run from the latest of four possible events:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

6

|   |   |
|---|---|
| 1 | recognized by the Supreme Court and made retroactively applicable to |
| 2 | cases on collateral review; or |
| 3 | (D) the date on which the factual predicate of the claim or claims |
| 4 | presented could have been discovered through the exercise of due |
| 5 | diligence. |

28 U.S.C. § 2244(d)(1). Ordinarily, the starting date of the limitation period is the date on which the judgment becomes final after the conclusion of direct review or the time passes for seeking direct review. *See Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001).

AEDPA also allows for statutory or equitable tolling. *Jorss v. Gomez*, 311 F.3d 1189, 1192 (9th Cir. 2002). But "a court must first determine whether a petition was untimely under the statute itself before it considers whether equitable [or statutory] tolling should be applied." *Id.* In addition, the Ninth Circuit has held that actual, factual innocence provides an exception to the AEDPA statute of limitations. *Lee v. Lampert*, 653 F.3d 929, 934-35 (9th Cir. 2011) (en banc).

### 1. The AEDPA Statute of Limitations on Petitioner's Claims Began to Run on October 16, 2012

In its OSC, the Court noted that absent a petition for a writ of certiorari from the United States Supreme Court, petitioner's judgment became final on October 16, 2012, 90 days after the California Supreme Court denied his petition for review. *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner does not file a petition for certiorari, his conviction becomes final 90 days after the California Supreme Court denies review); *see also* U.S. Supreme Court Rule 13.1. In response, petitioner argues he was entitled to additional time to file his Petition under AEDPA §§ 2244(d)(1)(A) and (d)(1)(D).

Petitioner first claims he did in fact petition the U.S. Supreme Court for certiorari, and thus the statute of limitations did not begin to run until January 22,

2019 when the Court denied his petition. OSC Resp. at 3. Petitioner's argument is misleading because the petition for certiorari he refers to was filed in his first federal habeas case, not as part of *direct* review of his conviction. *See generally* Pet. for Writ of Cert., *James v. Asuncion*, No. 18-5694 (U.S. July 23, 2018).[5] Section 2244(d)(1)(A) conditions the finality of judgment on the conclusion of direct review, not collateral review. *See also Brecht v. Abrahamson*, 507 U.S. 619, 633, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993) (reiterating that habeas collateral review is different from direct review); *McMonagle v. Meyer*, 802 F.3d 1093, 1097 (9th Cir. 2015) (noting that direct review does not "include time that an appellant seeks further review of his conviction through collateral proceedings"); *U.S. v. Savage*, 231 F. Supp. 3d 542, 549 n.1 (C.D. Cal. 2017) (distinguishing direct review from collateral review in which convictions are final). Petitioner offers no evidence that he petitioned the U.S. Supreme Court for review of the California Supreme Court's July 18, 2012 denial of his petition for direct review. Accordingly, petitioner is not entitled to a different start date based on § 2244(d)(1)(A).

In the alternative, petitioner contends he is entitled to a later start date of the limitation period under § 2244(d)(1)(D) based on when he discovered the factual predicate of his present claims. OSC Resp. at 5. He claims it was not until April 15, 2018, when the Ninth Circuit issued its opinion in his first federal habeas case, that he realized his prior counsel provided ineffective assistance. *See id.* at 5-7. Specifically, petitioner alleges he was unaware he had cognizable claims for due process violations and prosecutorial misconduct, which his prior counsel failed to raise in his first federal habeas petition or in state court. *See id.*

---

[5] On its own motion, the Court takes judicial notice of petitioner's filings in U.S. Supreme Court docket number 18-5694. *See* Fed. R. Evid. 201(b); *Reyn's Pasta Bella*, 442 F.3d at 746 n.6.

1      Petitioner cannot seek habeas relief for ineffective assistance of counsel in
2 state or federal collateral proceedings. 28 U.S.C. § 2254(I). Thus, the only
3 relevant inquiry here is when petitioner could have discovered, with due diligence,
4 that his prior counsel failed to raise the due process and prosecutorial misconduct
5 issues on direct review.
6      "[T]o have the factual predicate for a habeas petition based on ineffective
7 assistance of counsel, a petitioner must have discovered (or with the exercise of
8 due diligence could have discovered) facts suggesting both unreasonable
9 performance *and* resulting prejudice." *Hasan v. Galaza*, 254 F.3d 1150, 1154 (9th
10 Cir. 2001). But a petitioner need not understand the legal significance of those
11 facts, just simply the facts themselves. *Id.* at 1154 n.3.
12      Petitioner's ineffective assistance claims stem from two events during his
13 trial – the court's admission of six pack and in-court identifications, and certain
14 statements from the prosecutors during opening. *See* Mem. in Supp. of Pet. at 10-
15 21. Petitioner knew these facts at the time they occurred. Indeed, petitioner admits
16 he discussed at least the due process issue with prior counsel during his direct
17 review proceedings. *See id.* at 7 ("[A]ppellate counsel admitted that the Petitioner
18 insisted on challenging the in-court identifications on direct appeal."). Although it
19 is unclear whether they also discussed the prosecutorial misconduct issue,
20 petitioner could have discovered counsel's omission simply by reading the legal
21 papers submitted on his behalf. As to the resulting prejudice, the Court finds it
22 materialized as soon as counsel failed to raise the claims on direct review. To hold
23 that petitioner did not discover the prejudice until the Ninth Circuit issued its April
24 15, 2018 opinion would be to conflate the factual predicate for his claims with their
25 legal significance. *See, e.g.*, *Coleman v. Allison*, 223 F. Supp. 3d 1035, 1055 (C.D.
26 Cal. 2015) (finding that petitioner discovered the factual predicate for his
27 ineffective assistance claims when he learned that counsel failed to take certain
28

litigation actions, such as filing motions); *Felix v. Cate*, 2012 WL 2874398, at *4 (C.D. Cal. May 8, 2012) (finding that factual predicate for ineffective assistance claims based on trial court error and prosecutorial misconduct in closing materialized when counsel filed opening brief on appeal). Accordingly, petitioner is not entitled to a later start date of the limitation period under § 2244(d)(1)(D) either.

Given the start of AEDPA's limitation period on October 16, 2012, the instant Petition filed on June 25, 2020 is untimely by more than six years absent sufficient statutory or equitable tolling. Petitioner does not claim entitlement to equitable tolling, and no basis for equitable tolling appears in the record, so the Court will consider only whether statutory tolling applies.

### 2. **Petitioner Is Not Entitled to Statutory Tolling**

Statutory tolling is available under AEDPA during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *accord Evans v. Chavis*, 546 U.S. 189, 191-92, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006); *Patterson v. Stewart*, 251 F.3d 1243, 1247 (9th Cir. 2001). But "in order to qualify for statutory tolling during the time the petitioner is pursuing collateral review in the state courts, the prisoner's state habeas petition must be constructively filed *before*, not after, the expiration of AEDPA's one-year limitations period." *Johnson v. Lewis*, 310 F. Supp. 2d 1121, 1125 (C.D. Cal. 2004); *see also Laws*, 351 F.3d at 922 (where petitioner does not file his first state petition until after the eligibility for filing a federal habeas petition has lapsed, "statutory tolling cannot save his claim").

Here, after the AEDPA statute of limitations began to run on October 16, 2012, petitioner did not file any state habeas petitions until September 10, 2019. Although petitioner filed a federal habeas petition on October 10, 2013, habeas

10

1  petitions pending in federal court do not toll the statute of limitations. *Duncan v.*
2  *Walker*, 533 U.S. 167, 181-82, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001) ("We
3  hold that an application for federal habeas corpus review is not an 'application for
4  State post-conviction or other collateral review' within the meaning of 28 U.S.C.
5  § 2244(d)(2)."). Petitioner is therefore not entitled to any statutory tolling, and the
6  AEDPA limitation period expired on October 16, 2013.

### 3. Petitioner Does Not Satisfy the Actual Innocence Exception

Petitioner also argues the Court should excuse his delay because he is actually innocent of the crimes for which he was convicted. OSC Resp. at 8. "[A] credible claim of actual innocence constitutes an equitable exception to AEDPA's limitations period." *Lee*, 653 F.3d at 932. "[A]ctual innocence, if proved, serves as a gateway through which a [habeas] petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013). But "tenable actual-innocence gateway pleas are rare." *Id.*

To establish a gateway claim of actual innocence, petitioner "must show that in light of all the evidence . . . 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Carriger v. Stewart*, 132 F.3d 463, 478 (9th Cir.1997) (en banc) (quoting *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)). A petitioner must establish his factual innocence of the crime, and not mere legal insufficiency. *See Bousley v. U.S.*, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998). "To be credible, such a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. New evidence constitutes "newly presented" evidence of actual innocence, not "newly

discovered." *Griffin v. Johnson*, 350 F.3d 956, 962-63 (9th Cir. 2003).

Here, petitioner claims the prosecution based its case on the identifications of four witnesses and evidence of petitioner's DNA on a ski mask found near the crime scene. *See* OSC Resp. at 8. But three of the witnesses allegedly admitted their identifications of petitioner were not based on what they saw during the robberies but rather on viewing the petitioner's photo on the internet after receiving an anonymous letter accusing him of being involved. *See id.* Petitioner claims the fourth witness lied about seeing his photo on the internet before making her identification. *See id.* As for the DNA evidence, petitioner claims the victims' descriptions of the ski mask worn by the suspect did not match the ski mask with petitioner's DNA that the police recovered near the scene. *See id.* at 9. Petitioner ends by arguing he is factually innocent because if the trial court had excluded the in-court and six-pack identifications, the remaining evidence would have been insufficient for a reasonable fact finder to convict him. *See id.* at 8, 10.

Petitioner's claims of actual innocence suffer from two fatal flaws. First, the focus of his argument is that there was insufficient evidence to convict him because the trial court should have excluded all of the witnesses' identifications. In case number 2:13-cv-07523-SVW (SP), this Court denied petitioner's claim for habeas relief based on alleged violation of due process in the admissions of the witness identifications, and the Ninth Circuit affirmed that denial. In any event, to satisfy the demanding actual innocence standard, petitioner must establish his factual innocence of the crime and not mere legal insufficiency. See *Bousley*, 523 U.S. at 623. A habeas court cannot disregard evidence admitted at trial in examining whether a petitioner is actually innocent. It is well-established that "[t]he habeas court must make its determination concerning the petitioner's innocence in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it)." *Schlup*, 513 U.S. at 327-

28 (internal quotation marks omitted); *Lee*, 653 F.3d at 938 ("The habeas court . . . considers all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." (internal quotation marks and alteration omitted)).

Second, petitioner does not present any new evidence of actual innocence, such as "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Schlup*, 513 U.S. at 865, 867 ("[P]etitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of *new evidence*." (emphasis added)). All petitioner does here is impermissibly "re-argue[] the evidence at trial." *See Rude v. Anglea*, 2020 WL 1644615, at *5-6 (C.D. Cal. Mar. 3, 2020). For these reasons, the Court rejects petitioner's actual innocence argument.

Given that petitioner has not made a credible claim of actual innocence, the AEDPA limitation period, which expired on October 16, 2013, applies. Consequently, the instant Petition filed on June 25, 2020 is untimely.

## IV.
## **CONCLUSION**

IT IS THEREFORE ORDERED that Judgment be entered summarily dismissing the Petition and this action with prejudice.

DATED: \_\_\_\_September 1\_\_\_, 2021

_____
HONORABLE STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

Presented by:

_____
SHERI PYM
UNITED STATES MAGISTRATE JUDGE